IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| J.C. MONTGOMERY,<br><br>Plaintiff,<br><br>vs.<br><br>ROLAND KENNERLY, Jr.,<br><br>Defendants. | Cause No. CV-13-17-GF-DWM-RKS<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT** |

**I. Synopsis**

J.C. Montgomery filed a complaint and motion to proceed in forma pauperis on February 22, 2013. CD 1, 2. Ms. Montgomery's motion to proceed in forma pauperis was granted. CD 4. The Complaint does not raise a question of federal law and the parties are both residents of Montana. Therefor the Complaint does

1

not invoke federal subject matter jurisdiction, and should be dismissed.

## II. Status

Ms. Montgomery filed her Complaint in federal court, in the Great Falls division of the District of Montana. CD 1. Because Ms. Montgomery is proceeding pro se and in forma pauperis, the case is referred to a magistrate judge for all pretrial purposes. Local Rule 72.2.

Complaints filed by plaintiffs proceeding in forma pauperis must be reviewed by the court before they are served on defendants. 28 U.S.C. § 1915 1915(e)(2)(B); Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001)(per curiam)(statute is not limited to prisoners). If the Complaint is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief, it must be dismissed. Id. This is the review.

## III. Standards

**Pro se pleadings**

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers'." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citation omitted); Cf. Fed.R.Civ.P. 8(f) ("All pleadings shall be so construed as to do substantial justice").

**Stating a claim**

A complaint must allege sufficient factual matter to "state a claim for relief that is plausible on its face." Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Plausibility is less than probability, but requires "more than a sheer possibility that a defendant has acted unlawfully." Id. Pleadings that are no more than conclusions are not entitled to the presumption of truth and may be disregarded. Id. At 679. A plaintiff must plead the essential elements of a claim to avoid dismissal. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**Leave to amend**

Leave to amend a complaint should be given freely "when justice so requires." Fed. R. Civ. P. 15. "Unless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995).

However, a district court should dismiss a complaint without granting leave to amend if amendments would be futile. Klamath Lake Pharmaceutical Ass'n v.

Klamath Medical Services Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983). "Leave to amend need not be given if a complaint, as amended, would be subject to dismissal." Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir. 1989).

## IV. Allegations

Ms. Montgomery's Complaint states allegations generally related to her relationship with Mr. Kennerly as an employee and tenant. Ms. Montgomery alleges she worked for Mr. Kennerly, helping him with an endeavor to sell audio recordings of tribal elders. In exchange, Mr. Kennerly allowed her to live in his trailer, and promised to pay her when the business obtained financing. The relationship soured, and Ms. Montgomery alleges Mr. Kennerly evicted her from the trailer. She alleges tribal police and a BIA agent told her she had to leave the property, and did not allow her to remove all her property. Ms. Montgomery alleges Mr. Kennerly later threatened to kill her if she didn't leave the reservation. She also alleges Mr. Kennerly later stalked her by driving by her workplace. CD 2-1, pp. 1-7.

Ms. Montgomery alleges Mr. Kennerly is liable for "illegal seizure of property." Although no other defendants are named in the caption, she alleges in the "defendants" portion of her Complaint that the Blackfeet Tribal Police, the

Bureau of Indian Affairs and the Glacier County Sheriff are liable because they "upheld illegal seizure of property." The "Statement of Claims" section of her Complaint states: "Civil, Due Process, Court Appointed Attorney, Illegal Seizure of Property, Life Threatening Assaults."

## V. Jurisdiction

Federal courts are courts of limited jurisdiction. They possess only the power granted to them by law. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). It is presumed that a cause lies outside this limited jurisdiction and the party asserting jurisdiction has the burden of establishing it. Id. Federal courts have been statutorily granted jurisdiction over cases where there is a federal question or the parties are completely diverse. 28 U.S.C. §§ 1331; 1332.

Ms. Montgomery's Complaint gives rise to neither federal question jurisdiction nor diversity jurisdiction. Diversity jurisdiction does not exist because Ms. Montgomery and Mr. Kennerly are both residents of Montana. CD 2, p. 5; 28 U.S.C. § 1332.

Federal question jurisdiction does not exist because Ms. Montgomery's Complaint does not state a claim under federal law. 28 U.S.C. § 1331. The only references to anything resembling federal law are mere labels, such as "Due

Process," CD 2, p. 6, and "Loss of Copyrights," CD 2, p. 7.

Read liberally, Ms. Montgomery's Complaint appears to allege that Mr. Kennerly converted her property. The Complaint may also attempt to allege that Mr. Kennerly assaulted her, intentionally inflicted emotional distress, breached a contract for services, or wrongfully evicted Ms. Montgomery. To the extent those allegations state a claim, they arise from tribal or state law, not federal law.

The allegation that the Blackfeet Tribal Police, the Bureau of Indian Affairs and the Glacier County Sheriff "upheld illegal seizure of property" does not state a cognizable claim under federal law, as it does not specifically allege wrongful conduct by a particular defendant. Likewise, the labels in Ms. Montgomery's Complaint, including "Due Process" and "Loss of Copyrights," are entirely conclusory and do not state plausible claims. Iqbal, 556 U.S. at 678.

## VI. Conclusion

Because there is neither diversity of citizenship nor a question of federal law, a federal court lacks jurisdiction. It is clear from the thorough narrative included with Ms. Montgomery's Complaint that the conduct does not implicate federal law. CD 2-1. Ms. Montgomery's claims, if any, arise under state or tribal law. Amendment of the Complaint will not invoke federal jurisdiction, and therefore would be futile. The Complaint should be dismissed with prejudice.

6

**Appeal certification**

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:

(A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed. R.App. P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989); Franklin v. Murphy, 745 F.2d 1221, 1225 (9th Cir. 1984).

The finding that Ms. Montgomery's Complaint fails to state a claim upon which relief may be granted is so clear no reasonable person could suppose an

7

appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

**Address Changes**

At all times during the pendency of this action, Ms. Montgomery SHALL IMMEDIATELY ADVISE the Court of any change of address and its effective date. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

The undersigned **FINDS:**

1. The Plaintiff and at least one Defendant are residents of Montana.

2. The alleged wrongdoing does not implicate federal law.

3. Amendment to the Complaint would be futile.

The undersigned **RECOMMENDS:**

1. The Complaint, CD 2, be **DISMISSED WITH PREJUDICE** for lack of subject matter jurisdiction**.**

2. The Clerk of Court be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court be directed to indicate on the docket that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Civil Procedure that any appeal of this decision would not be taken in good faith.

# NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Either party may serve and file written objections to these Findings and Recommendations within 14 days of the date the Findings and Recommendations are entered, as indicated on the Notice of Electronic Filing. Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

If a party files objections, he or she must itemize each factual finding to which objection is made and identify the evidence in the record that contradicts the finding. Failure to assert a relevant fact or argument in objecting to these findings and recommendations may preclude the party from relying on that fact or argument at a later stage of the proceeding.

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file a written objection may bar a de novo determination by the district judge and/or waive the right to appeal.

These findings and recommendations are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed. R. App. P. 4(a) should not be filed until entry of the District Court's final judgment.

DATED this 4th day of March, 2013.

_____
Keith Strong
United States Magistrate Judge